## Klusko v. Gaines-Murfit Chevrolet, Inc.

*Emanuel H. Klein*, for plaintiff.

*Frederick E. Smith*, for defendant.

SATTERTHWAITE, J., August 1, 1958.—The narrow question here involved is whether the court should require defendant in this trespass action for personal injuries to pay the traveling expenses of plaintiff as a condition upon the grant of defendant's petition and rule for a medical examination of plaintiff's person under Pa. R. C. P. 4010. Plaintiff would be required thereby to travel approximately 75 miles from his home in Schuylkill County to Doylestown, the county seat of Bucks County wherein the action is pending.

Pa. R. C. P. 4010 is totally silent upon the problem so raised, but we believe that the answer is readily ascertained by reference to well-established principles relating to the over-all spirit and intent of the Supreme Court Rules of Civil Procedure relating to discovery. One of these is that the discovery provisions, being remedial in nature, should be liberally construed so as to effectuate the purpose of full and free acquisition of relevant pretrial information which will substantially aid in preparation of the case by either side: McCracken v. Doklan, 14 D. & C. 2d 694. Necessarily, of course, such purpose is not without its limitations, but we believe that any restrictions thereon should be strictly interpreted and not permitted to be unduly extended.

In specific application to the situation herein presented, we apprehend that Pa. R. C. P. 4010, which authorizes a party to obtain a physical or mental examination of his opponent by leave of court, should

practically always be an available remedy where appropriate, and orders thereunder should normally be entered without crippling or restrictive conditions unless the latter are equitably required and themselves advance the spirit of discovery (see, e.g., McCracken v. Doklan, supra), or unless the application runs afoul of the limitations prescribed as a matter of policy by the Supreme Court in Pa. R. C. P. 4011. While the language of Pa. R. C. P. 4010 is permissive and not mandatory and therefore necessarily implies that the court has a measure of discretion in the application thereof, nevertheless such discretion is not unbounded and necessarily must be exercised within the guides, if any, otherwise expressed by the rules. In other words, the court cannot arbitrarily decide to condition the grant of a medical examination by limitations, the subject matter of which are dealt with by Pa. R. C. P. 4011, except in harmony therewith.

In effect, plaintiff is objecting to defendant's application in the instant case because it will subject him to a certain amount of expense. Yet it is obvious from the language of Pa. R. C. P. 4011(b) that such circumstance, alone and of itself, is not a valid objection to discovery. As a matter of policy, the Supreme Court has said that expense is a relevant consideration if it be *unreasonable*. Moreover, by Pa. R. C. P. 4008, it has also provided an analogy for measuring reasonableness of expense in this connection. The latter rule authorizes the payment of expenses attendant upon the taking of oral depositions, but only if the examination occurs more than 100 miles from the courthouse. Adopting as a rule of thumb, in the interests of certainty and practicality, the 100-mile standard so enunciated, we do not believe that traveling expenses incident to the parallel discovery device of a medical examination in this age of modern transportation should be considered unreasonable if less than that

distance be involved, at least in the absence of unusual circumstances which are not even hinted in these proceedings.

Our conclusions are supported by the result reached in the only reported case to which we have been referred which presented the same problem, although the approach therein taken was along different lines. In Broadwater v. Sinclair, 34 Wash. Co. 251, it was likewise held that payment of traveling expenses incurred for a medical examination under Pa. R. C. P. 4010 would not be required where a distance of less than 100 miles was involved.

This decision was based in part, as an alternative or "make-weight" justification, upon the conclusion that plaintiff, having voluntarily brought suit in that court, must necessarily submit himself to any consequences incident thereto even though inconvenient. We agree with plaintiff in the instant case that this reasoning carries little or no force, at least under the circumstances herein disclosed. The argument assumes that plaintiff had a choice of the forum in which to seek redress. But the accident presently in litigation is alleged to have occurred at the corporate defendant's place of business located in this county. It is difficult to understand, therefore, how plaintiff can be said to have had any election; he simply could not have proceeded elsewhere than in this court: Pa. R. C. P. 2179.

While we do not subscribe to this phase of the opinion in the Broadwater case, we do believe that what we understand to be the real basis for that decision is sound and applicable in principle to the instant case as well. In this connection, the Washington County court also reasoned that the broad powers to impose limitations and conditions upon discovery as conferred by the then applicable provisions of Pa. R. C. P. 4013 did not supersede the implicit exclusion therefrom of counsel fees and expenses in connection with discovery

proceedings carried on within 100 miles of the court-house, which exclusion arose by reason of the closely limited application of Pa. R. C. P. 4008, specifically referred to in Pa. R. C. P. 4013, which, as already noted, authorized such expenses only if oral depositions were taken beyond that distance. Stated otherwise, this rationale of the decision would seem to have been that since Pa. R. C. P. 4008 did expressly provide for counsel fees and expenses and itself pertained only to the specific case of an oral examination more than 100 miles away, any suggested limitations or conditions requiring payment of such items in connection with other aspects of discovery would be precluded by exclusion.

It is true, as plaintiff points out, that Pa. R. C. P. 4013 has been amended since the Broadwater decision and since 1954 no longer contains an express grant of power to impose limitations or conditions and accordingly makes no cross-reference to Pa. R. C. P. 4008 relative thereto. This circumstance, however, makes no difference in the underlying reasoning of the Broadwater case as we understand it. Pa. R. C. P. 4008 remains unchanged in substance by the 1954 amendments and still authorizes counsel fees and expenses only in the circumstances therein particularly provided for. Accordingly, the argument still logically obtains that such authorization is exclusive with respect to those items, and hence would negative the exercise of discretion to impose such a condition in other connections even if the court would otherwise have the power to invoke its independent discretion as to subjects provided for by Pa. R. C. P. 4011.

## Order

And now, August 1, 1958, for the reasons stated in the foregoing opinion, defendant's petition for medical examination of plaintiff is allowed and the rule granted

thereon made absolute. It is further ordered that plaintiff appear at Doylestown and submit to a medical examination to be conducted by Dr. William I. Westcott and Dr. John A. Prickett, at a time and precise location mutually agreeable to counsel. Plaintiff's request that this order be conditioned upon defendant's payment of plaintiff's traveling expenses is denied and refused.